C. D. LEHMAN, EXECUTOR, ESTATE OF J. C. LEHMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4202.    Promulgated April 13, 1927.

Section 402 (c), Revenue Act of 1921, requires that a transfer made within two years before decedent's death be taxed as made in contemplation of death unless shown to the contrary. *Held,* the evidence does not show the contrary.

*H. W. Ingersoll, Esq.,* for the petitioner.
*J. F. Greaney, Esq.,* for the respondent.

Deficiency of $485.41 estate tax. The Commissioner included in decedent's estate the value of certain lands transferred by decedent within two years before his death.

FINDINGS OF FACT.

J. C. Lehman, the decedent, died a resident of Grafton Township, Lorain County, Ohio, on December 28, 1922. He was over 90 years old, and, prior to December 18, 1922, was in good health and had been for many years. On December 18, 1922, he fell and was injured. He went to bed, his condition became complicated, and 10 days later he died.

For several years prior to 1922 he had said to his children that he wished to divide his property equally among them, but that he was unable to determine the value of the several parcels of real property. He had made a will in 1912 in which he provided for the distribution of the property he then owned approximately as he finally distributed such property by the gifts here in question. For many years, since perhaps 1892, decedent had told one of his sons that he would give him the home farm of 197 acres if the son would live with him and work it. This the son did, and he (the son)

and the other members of the family regarded the home farm as belonging to such son. The decedent paid the taxes on it. Some improvements on the farm were paid for out of farm income. The son had no other income.

In January, 1922, decedent had a conference with his children and his attorney. Pursuant thereto deeds to the properties in question were executed and delivered in May, 1922, with the understanding that adjustment of values was to be made by the children among themselves. The property covered by these deeds consisted of the said home farm at Grafton, another farm at Grafton, a farm in Columbia Township, and some lands in Elyria, Ohio, and Cleveland, Ohio.

### OPINION.

STERNHAGEN: The question for determination is whether the property which decedent conveyed to his children after the conference in January, 1922, is within his gross estate under section 402 (c), Revenue Act of 1921. That section expressly includes within the value of the gross estate any property of which decedent made a transfer in contemplation of death, and then lays down the following rule to facilitate the determination of the question whether a transfer was so made:

Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.

The legal title to the property was transferred in 1922, and although petitioner suggests that as to some of the property this was but the confirmation of a gift long since made and, as to others, of a contractual transfer made earlier, the evidence is not sufficient to establish an equitable title before the deeds were delivered. At most the evidence indicates that the children understood that such a distribution would be made, and this is short of proof of a gift or transfer. The presumption is against it.

The petitioner urges that the deeds were not given in contemplation of death. Here again we find the proof insufficient. The statute lays down the rule that such a transfer as this is in the first instance to be regarded as made in contemplation of death. The Government has the presumption, and unless the estate can affirmatively prove the contrary, the property transferred is within the gross estate. If a fair consideration of the evidence does not overcome the presumption fixed by the statute, the tax attaches. It is not as if the Government were permitted or required to prove the transfer as having been

made in contemplation of death. Under such a rule it would be necessary to consider the essentials of such a transfer, and unless they were present the property would be excluded. The statute has reversed this and said that it can only be excluded if " shown to the contrary," and thus the burden is thrown entirely on the taxpayer.

In our opinion the evidence does not show the transfers not to have been made in contemplation of death. The evidence is entirely consistent with the statutory presumption that they were so made, and we therefore leave the property within the gross estate where in the first instance the statute places it.

> *Judgment will be entered for respondent on*
> *15 days' notice, under Rule 50.*